Good morning, Mr. Jaffe. I'm not going to ask you if you want to reserve any time for rebuttal, so please go ahead. Thank you. Thank you. Good morning, and I represent the appellant and secured creditor, Mario Montes Mora. Given this court's de novo review and the disfavor for Rule 12b6, Motions to Dismiss, the decision dismissing Mora's adversary proceedings should be reversed. The lower court's decision reads more like a decision on summary judgment rather than a motion to dismiss. Counsel, I appreciate that's your opening statement, but again, kind of emblematic of this case, you're going to need to give us more than that. We need specifics. This is not an instance where the plaintiff was denied a chance to revise and amend a complaint there was numerous opportunities given here. What specifically was the errors in the judge's dismissal after the third amended complaint was filed? First example, the debtor didn't disclose his interest in Pacific Stone Crab LLC. Why is that material? It's material because that was the joint venture company that my client and the debtor were going to use to sell seafood. And then it's our contention in this adversary complaint that he's supposed to be a joint venture using the $100,000 in seafood that my client supplied with equipment that my client is all a part of the joint venture. That's why it's material. And the court's decision was, well, it's inactive. It would hardly bring in material value to creditors. I don't think that can be decided on a motion to dismiss. And it's not inactive. It was- Never formed. No, it was suspended for failure to pay taxes. Was that alleged? No, the court- I'm just saying the court's decision was it was inactive, so it doesn't matter whether he disclosed his interest in Pacific Stone Crab LLC. We're saying the only way that came up was in the court's decision after we had argued that the third amended adversary complaint. And it's not inactive. It's just suspended for failure to pay taxes. As another example, the debtor has an interest in 1687 Melrose Avenue Drive. The court said, well, it's not in his name, so it doesn't support the adversary complaint. Again, that's a summary judgment issue. We have that the debtor didn't list any residential address. He only listed the address of the business. So he doesn't list where he's actually living. He was served there. It's in his brother's name. We know as part of the adversary complaint, it's our contention that what this debtor has done is continue to operate the business that they were operating before with his brothers, but he got a stipulated judgment that didn't include his brothers. So it was only against him, but then he just fraudulently transfers all the assets of him and the company, which we have a judgment against his brother. Again, what are all the fraudulently transferred assets? Okay. We're talking about the freezer, the walk-in freezer, the ice machine, the cooler, and that he listed, this debtor listed they were worth more than $20,000 originally in his schedules. Then later, he said, amended, said, no, they're not my property without any explanation. We have in the adversary complaint that they were his property, just as he said they were, and just simply putting in an amendment later isn't sufficient. And there's an inference that he said it was his property to begin with. Therefore, it supports the adversary complaint. But those are specific examples we feel that support the adversary complaint. We also feel that because we had a judgment that included fraud, that that should have supported the adversary complaint under 523 for fraud. Didn't he list you as an unsecured creditor? Not exactly, as an unsecured creditor rather than a secured creditor. And you should lose this discharge because of that. It's part of what we're saying is his misrepresentations along with- Wait, wait, wait, wait, wait, wait, before you get there. Misrepresentation implies a knowing and fraudulent statement that is false with the intent to deceive. So I think part of Judge Latham's problem is what was the knowing and fraudulent allegations that miscategorizing your client as an unsecured creditor warrants denial of the discharge? Well, it's one of the items when you take it with everything else. You know, we were building it layer by layer and fact by fact. And for him to say that he didn't have a secure judgment, for him not to disclose his divorce judgment, for him to not disclose the other items that we've talked about in the third amendment complaint, taken together, shows an intent to mislead. Well, I think that brings you back to Iqbal and Twombly, right? Because I believe reading Judge Latham's decisions, he's saying, reading between the lines, okay, that's possible. Why is it plausible? I think it's certainly plausible that he is, that this debtor has transferred all of the assets of what was the joint venture with my client and is now using all that equipment, using what was the joint venture to avoid my client's judgment. But part of that problem, it gets back to the other problem that Judge Latham had, which is the timing. As to all of the equipment, when was it transferred if the debtor, upon filing bankruptcy, said that that was his equipment and only later amended it? When exactly did that transfer happen and where is that allegation in the third amended complaint? We're talking that he did that in response to us getting a stipulated judgment. Where is the allegation of the specific transfer? To whom? Paragraph 33 says Ocean's Best Seafood was owned by Aguirre and its assets were fraudulently transferred to Ocean's Best Community Fish Market at the direction of Aguirre to try and avoid the stipulated judgment. That's right after the prior paragraph that talks about the happened in 2023 and then later into 2024. Where is the allegation that gives me a specific date as to that transfer? And the other thing, while you're asking, is I do not, I'm having trouble understanding how an alleged transfer to the debtor is fraudulent. It may be fraudulent to Ocean Pacific,  it may be fraudulent to Ocean, I mean Ocean's Best Seafood's creditors, but as to the debtor, the debtor now had individual assets which would appear to benefit the debtor's estate, subject to their recovery, of course. So how is that a fraudulent, how is that even a fraudulent transfer to the debtor? No, it's a transfer to the new company that he has formed. But Community Fish is a sole proprietorship. No, if you look on page appendix 254 going on to 255, the judge specifically said Ocean's Best Community Fish Market, Inc. is a registered with the California Secretary of State. That's an active stock corporation. But you have alleged that Community Fish Market is his sole proprietorship. We thought it was, but it's clearly, he formed a corporation to perpetuate this fraud. But that's not what you alleged. And we're on the motion to dismiss. Aren't we stuck with that? I don't think so, since the decision by the lower court specifically references Community Fish Market, Inc. as an active, registered California corporation. And did the decision say when that was actually registered? No, but it said it went on its own investigation to look at the California Secretary of State's website. And I believe it says that was in 2022. And by investigation, you meant he took judicial notice of the Secretary of State documents,  The judge said that in a footnote, yes. We've given more, we've provided facts as much as we can about the lease that's ongoing for this business that he's doing. But we needed more. I don't think we can put forth all of the facts. And I don't think that's the requirement in an adversary complaint to have all the facts. We're saying, here's what we believe is going on. With regard to amending, things happened after this adversary complaint was dismissed that we feel would support a further amendment. That was that this debtor said originally that he had no homestead interest in property at 1939 through 41 Ensenada Street. Then after the adversary complaint was dismissed, he put in a amendment. Now he says that there is a homestead exemption. We have investigated the representations that he made with regard to claiming that amendment. And we believe that they support broad and misrepresentations to the court regarding his interest in that property. And we believe that we can still assert an adversary complaint at the very least based upon that. Thank you. Any questions? Thank you very much. Thank you. This matter is submitted. Let's call the next case.
judges: BRAND, SPRAKER, and CORBIT